# IN THE COURT OF APPEALS OF IOWA

No. 15-2221
Filed October 11, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EMONDRE MONTREL HENDERSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

Emondre Henderson appeals from the denial of his motion to correct an illegal sentence. **SENTENCE VACATED; REMANDED FOR RESENTENCING.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Emondre Henderson appeals from the denial of his motion to correct an illegal sentence. Henderson pled guilty to robbery in the first degree and was sentenced on July 28, 2015, to an indeterminate term of twenty-five years with a mandatory minimum nine years of incarceration before parole eligibility. Henderson was a juvenile at the time of the offense. Henderson filed a motion to correct an illegal sentence on October 1, 2015, requesting an individualized resentencing hearing to allow the district court to consider the factors enunciated in *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014), before imposing a mandatory-minimum sentence.

Henderson was originally sentenced on July 28, 2015. Because Henderson believed the *Lyle* factors were not fully considered at the time of sentencing, he filed his motion to correct an illegal sentence.[1] At the beginning of the November 24, 2015 hearing on the motion to correct an illegal sentence, the district court stated "the proceeding today is to give Mr. Henderson what the court refers to as a *State versus Lyle* type of hearing." In its ruling on the motion to correct an illegal sentence, the court analyzed each of *Lyle* factors, denied the motion, and upheld the original sentence, including the mandatory-minimum nine-year term. On appeal, Henderson contends the district court improperly applied the *Lyle* factors.

"An unconstitutional sentence is an illegal sentence. Consequently, an unconstitutional sentence may be corrected at any time." *Lyle*, 854 N.W.2d at

---

[1] The same district court judge presided over the original sentencing hearing and the hearing on the motion to correct an illegal sentence.

382 (citation omitted). "Although challenges to illegal sentences are ordinarily reviewed for correction of legal errors, we review an allegedly unconstitutional sentence de novo." *Id.*

Since the district court's ruling, our supreme court has further expounded upon the *Lyle* factors and the constitutionality of ordering mandatory-minimum sentences for juvenile offenders. *See State v. Roby*, 897 N.W.2d 127, 144 (Iowa 2017) (explaining that while mandatory-minimum sentences for juvenile offenders are not categorically unconstitutional, "the default rule in sentencing a juvenile is that they are not subject to minimum periods of incarceration"). Although the district court attempted to perform a *Lyle* resentencing hearing and reviewed each of the *Lyle* factors on the motion to correct an illegal sentence in this case, the evidence submitted on the factors was not sufficient under *Roby*. *See* 897 N.W.2d at 147 ("[T]he factors [identified in *Lyle*] must not normally be used to impose a minimum sentence of incarceration without parole unless expert evidence supports the use of the factors to reach such a result."). Here, there was no expert testimony on any of the *Lyle* factors to support the imposition of the mandatory-minimum sentence. Accordingly, we reverse the court's order denying the motion to correct an illegal sentence, vacate the sentence, and remand for resentencing consistent with the sentencing factors as explained in *Roby*.[2]

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

---

[2] *See Roby*, 897 N.W.2d at 145-47.